2 Dec.
171

## REVIEW OF SENTENCE.

[Lucas County Circuit Court, February 8, 1895.]

*Joseph J. Champion v. The State of Ohio.

Necessity of Filing Transcript of Record.

In order to permit the circuit court to review a conviction and sentence in the court of common pleas, on a petition in error, there should be filed with such petition in error a complete certified transcript of the record in the case as provided in section 7358, R S., and in omission to do so the petition in error will be stricken from the files.

Haynes, J.

There are some things about the statute in regard to proceedings in error in criminal cases, that are perhaps a little doubtful or uncertain. The statutes are not as clear as we would like to see them. Sec. 7356, Rev. Stat., provides for the manner in which a conviction, or judgment, or sentence in a criminal case may be reviewed on error, and provides in that section that it may be reviewed by the circuit court.

Section 7357 provides: "On application by or on behalf of the accused to any officer whose duty it is to make a record or docket entries in any such case, and tender of the proper fee, such officer shall make and deliver to the accused or his counsel a complete certified transcript of the record, omitting, if so requested, any bill or bills of exceptions; or if the prosecution was before a court. or tribunal in which a complete record is not made, a certified transcript of the judgment and all entries in the case, and on receipt of a copy of the summons as hereinbefore mentioned, shall forward to the clerk of the court the original papers in the case."

Sec. 7358 provides that, "The proceedings to review such judgment shall be by petition in error, to which shall be attached such transcript, and also any original papers received by the clerk, except that in cases of felony, it shall not be necessary to include in the transcript of the record any bill of exceptions, but the original bill of exceptions may be attached in lieu of the transcript of the record thereof. And the court in which the review is sought may, by summary process, compel a more complete record to be furnished, and such original papers. to be forwarded."

Sec. 7304 provides that: "If a defendant feels himself aggrieved by any decision of the court, he may present his bill of exceptions thereto, which the court shall sign, and the same shall be made a part of the record, and have the same

---

* This decision is cited in Ickes v. State, 8 Circ. Dec., 442, 443.

force and effect as in civil cases; if exceptions be taken to the **decision of the court** overruling a motion for a new trial because the verdict is not sustained by sufficient evidence, or is contrary to law, the bill of exceptions must contain all the evidence; and the taking of all bills of exception shall be governed by the rules established in civil cases."

It will be seen that the section of the statute differs from that in the civil code in that it does not provide that the bill of exceptions need not be spread upon the journal. Now, in *Brown* v. *State*, 1 Ohio Circ. Dec., 402, will be found a case decided in the 7th circuit, in 1887, and which holds:

"This court has no jurisdiction, under sec. 7 356, R. S., to review a conviction and sentence in the court of common pleas, on a petition in error, unless there is attached to and filed with such petition in error, a complete certified transcript of the record in the case as provided in sec. 7358, R. S." (*Brown* v. *State*.)

That court further say: "A petition in error is filed, to which is attached what purports to be a transcript of the record in the case, but which is in fact simply a copy of journal entries, a copy of the charge of the court, and the original bill of exceptions." And, after discussing the statutes and citing certain cases—and especially the case of *Stanley* v. *The State*, 23 O. S., 581, the court further say: "We have before us no certified transcript of the complete record in this case, as provided for by statute, and while it was not suggested to us in argument, it is a jurisdictional fact which the court ought to consider. We have no jurisdiction in this case to review the judgment of the lower court, unless the case is presented in this court in the manner prescribed by the statute, to wit: by a petition in error, to which is attached a certified transcript of the complete record in the case."

And in *Nickel* v. *State*, 3 Ohio Circ. Dec., 605, the court affirms its position, and in each case dismisses the petition in error.

Now it certainly is irregular to file a petition in error in a criminal case, without attaching a certified copy of the record of the case, waiving the question whether the court has any jurisdiction to hear the case or not, there certainly is no case here that the court can pass upon. We have, in civil cases, where the question was raised, permitted the parties to file a certified copy of the record, or transcript of the original papers, according to the terms of the statute in a civil action. There is no application here for leave to attach a copy of the record to this petition in error. Counsel simply say that they expect to do it before the case is reached for hearing.

The court will grant the motion to dismiss the petition in error.

*Murphy & Lemmon*, for Plaintiff.

*J. A. Barber*, Prosecuting Attorney, for motion.